IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | CRIMINAL NO. 21-cr-284-LKG |
| | * | |
| | * | |
| MARK ROSS JOHNSON, JR. | * | |
| | * | |
| Defendant | * | |
| | * | |
| | * | |
| | ****** | |

## GOVERNMENT'S MOTION TO DETAIN

The United States of America, by and through its undersigned counsel, moves this Honorable Court to detain Mark Ross Johnson, Jr. (the "Defendant") through imposition and execution of his sentence.

## Factual Background

On September 24, 2025, the Defendant was found guilty, by a jury of his peers, to the following offenses:

1. Count One, Conspiracy to Commit Wire Fraud;

2. Count Two Wire Fraud on November 9, 2018;

3. Count Three Wire Fraud on November 14, 2018;

4. Count Four Wire Fraud on December 4, 2018;

5. Count Five Arson Affecting Interstate Commerce on November 9, 2018;

6. Count Six Conspiracy to Commit Bank Fraud;

7. Count Seven, Bank Fraud on May 18, 2019;

8. Count Eight, Bank Fraud on May 21, 2019; and

9. Count Nine, Bank Fraud on May 25, 2019.

1

The maximum penalties for these offenses are the following:

| Count | Statute | Minimum Prison | Maximum Prison | Supervised Release | Maximum Fine | Special Assessment |
|---|---|---|---|---|---|---|
| 1. | 18 U.S.C. § 1349 | N/A | 20 years | 3 years | $250,000 | $100 |
| 2. | 18 U.S.C. § 1343 | N/A | 20 years | 3 years | $250,000 | $100 |
| 3. | 18 U.S.C. § 1343 | N/A | 20 years | 3 years | $250,000 | $100 |
| 4. | 18 U.S.C. § 1343 | N/A | 20 years | 3 years | $250,000 | $100 |
| 5. | 18 U.S.C. § 844(i) | 5 years | 20 years | 3 years | $250,000 | $100 |
| 6. | 18 U.S.C. § 1349 | N/A | 30 years | 5 years | $1,000,000 | $100 |
| 7. | 18 U.S.C. § 1344 | N/A | 30 years | 5 years | $1,000,000 | $100 |
| 8. | 18 U.S.C. § 1344 | N/A | 30 years | 5 years | $1,000,000 | $100 |
| 9. | 18 U.S.C. § 1344 | N/A | 30 years | 5 years | $1,000,000 | $100 |

## **Legal Standard**

Because the Defendant has been convicted of Arson Affecting Interstate Commerce, 18 U.S.C. § 844(i), an offense listed at 18 U.S.C. § 2332b(g)(5)(B) for which the maximum term of imprisonment of ten years or more is prescribed, the governing statute is 18 U.S.C. § 3143(a)(2). *See* 18 U.S.C. §§ 3142(f)(1)(A).  This statute, appropriately entitled *Release or detention of a defendant pending sentence or appeal*, requires the Court, upon finding a person guilty of an offense proscribed in subparagraph (A), (B), or (C) of subsection (f)(1) of § 3142 and is awaiting

2

imposition or execution of sentence be detained. *Id.* There are, however, enumerated exceptions. *Id*. That is, the Court *shall* detain the Defendant unless the Court finds "there is a substantial likelihood that a motion for acquittal or new trial will be granted; or an attorney for the Government has recommended that no sentence of imprisonment be imposed on the person." 18 U.S.C. § 3143(a)(2)(A). The Fourth Circuit has recognized that both subsections. Even if one of those factors applies, the Court must also find there to be "clear and convincing evidence that the person is not likely to flee or pose a danger to any other person or the community." 18 U.S.C. § 3143(a)(2)(B). The Fourth Circuit has recognized that "both subsections (A) and (B) must be satisfied in order to grant release pending sentencing." *United States v. Irvin*, 2 F.3d 72, 73 n.1 (4th Cir. 1993).

## Analysis

### a. The Defendant Satisfies Neither of the Section 3143(a)(2)(A) factors.

The Defendant cannot show a "a substantial likelihood that a motion for acquittal or new trial will be granted." 18 U.S.C. § 3143(a)(2)(A)(i). This matter was resolved by a two-week jury trial. After the trial the Court conducted hearings on a Rule 29 Motion for Judgment of Acquittal. After extensive arguments by Defendant Johnson, the Court concluded that the motion should be denied and that the jury should render its verdict. A motion for a new trial is governed by Federal Criminal Procedure Rule 33. A district court may grant a new trial "if the interest of justice so requires." Fed. R. Crim. P. 33(a). "When determining whether a new trial is warranted, the district court may make a 'discretionary assessment[] of the balance of the evidence,' functionally sitting as a 'thirteenth juror.' *United States v. Fulton*, 136 F.4th 185, 191 (4th Cir. 2025) (quoting *United States v. Rafiekian*, 68 F.4th 177, 186-187 (4th Cir. 2023)). The District Court is warned that it "may not lightly discard a jury verdict." *Id*. (internal citations and quotations omitted). "A district court may grant a new trial based on the weight of the evidence only in the rare circumstance when the evidence weighs so heavily against the verdict

3

that it would be unjust to enter judgment." *Id.* (internal citations and quotation marks omitted). As such, there is not a substantial likelihood that a motion for new trial such motion would be granted.

The Defendant faces a statutory mandatory minimum of five years based on his conviction for Arson Affecting Interstate Commerce under Count Five. Additionally, the Government intends to seek a sentence above the statutory mandatory minimum period of imprisonment.

  b. *Failing to Satisfy Either Section 3143(a)(2)(A) factor renders the (B) prong inapplicable.*

The Government submits that the Court need not reach the (B) prong of this Section 3143(a) analysis, because neither (A) prong is satisfied as articulated above. Since (A) *and* (B) must apply to permit release pending sentencing, the statute requires that this Court order that the Defendant be detained pending sentencing. *See United States v. Irvin*, 2 F.3d 72, 73 n.1 (4th Cir. 1993) ("[B]oth subsections (A) and (B) must be satisfied in order to grant release pending sentencing."); 18 U.S.C. § 3143(a)(2).

## <u>Conclusion</u>

The Government respectfully requests that the Court revokes the Defendant's current supervision and pre-trial conditions and detain the Defendant immediately, pending the imposition of his sentence.

       Respectfully submitted,

       Kelly O. Hayes
       United States Attorney

    By:  */s/*        
       Joseph Baldwin
       LaShanta Harris
       Assistant United States Attorneys